**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**DIONISIO SOMERVILLE,**

                              **Plaintiff,**

    vs.                                                    9:11-cv-556
                                                                       (MAD/DEP)

**J. SAUNDERS, Correction Officer, Great Meadow
Correctional Facility; BEZIO, Correction Officer,
Great Meadow Correctional Facility; A. WHITE,
Correction Officer, Great Meadow Correctional
Facility; LAWRENCE, Correction Officer, Great
Meadow Correctional Facility; M. SAGE, Correction
Officer, Great Meadow Correctional Facility; M.
KUHL, Correction Officer, Great Meadow
Correctional Facility; VANDENBURG, Correction
Officer, Great Meadow Correctional Facility; CROSS,
Correction Officer, Great Meadow Correctional
Facility; and MULLIGAN, Correction Officer, Great
Meadow Correctional Facility,**

                              **Defendants.**

_____

**APPEARANCES:**                             **OF COUNSEL:**

**DIONISIO SOMERVILLE
93-A-1106**
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582
Plaintiff *pro se*

**OFFICE OF THE NEW YORK STATE**    **KEITH A. MUSE, AAG**
**ATTORNEY GENERAL**                   **WILLIAM J. MCCARTHY, AAG**
The Capital                                    **STEPHEN M. KERWIN, AAG**
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

    Plaintiff, a New York State prison inmate, commenced this action against nine corrections

officers employed at Great Meadow Correctional Facility. *See* Dkt. No. 1. In his complaint, Plaintiff alleges that he was subjected to an unprovoked attack by Defendants, violating his rights under the Eighth Amendment to the United States Constitution, and causing him to sustain injuries requiring medical treatment.

On October 3, 3012, Plaintiff filed a motion for summary judgment. *See* Dkt. No. 48. Defendants have opposed the motion. *See* Dkt. No. 53. On July 11, 2013, Magistrate Judge Peebles issued a Report and Recommendation in which he recommended that the Court deny the motion because "plaintiff's allegations are sharply contested by defendants, and the record now before the court reflects the existence of disputed issues of material fact concerning the extent of force applied by defendants and whether it was justified under the circumstances[.]" *See* Dkt. No. 58. Currently before the Court is Magistrate Judge Peebles' July 11, 2013 Report and Recommendation, to which neither party has submitted objections.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See*

2

*Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleading. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of

3

material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

In reviewing a *pro se* case, the court "must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 303 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). "Indeed, the Second Circuit has stated that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). This does not mean, however, that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, *2 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

Having reviewed Magistrate Judge Peebles' Report and Recommendation, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Peebles correctly recommended that the Court should deny Plaintiff's motion for summary judgment. As Magistrate Judge Peebles correctly determined, Defendants have sharply contested Plaintiff's allegations. The parties do not dispute that a confrontation occurred between Plaintiff and some

corrections officers named as Defendants, and that it evolved into a physical altercation causing Plaintiff and at least one corrections officer, Defendant Saunders, to suffer injuries. While Plaintiff maintains that the attack upon him was entirely unprovoked, *see* Dkt. No. 48-4 at ¶ 2, Defendants portray Plaintiff as the aggressor, and argue that any force utilized against him was only to the degree necessary to subdue him and restore discipline. *See* Dkt. No. 53-8 at ¶ 6; Dkt. No. 53-8 (Exhibit "1") at 7. Since material issues of fact exist as regarding the incident, its genesis, and whether the force was applied for the purpose of causing Plaintiff harm or instead for the purpose of maintaining order, the Court finds that Magistrate Judge Peebles correctly determined that Plaintiff's motion for summary judgment should be denied.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles' July 11, 2013 Report and Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's motion for summary judgment (Dkt. No. 48) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 5, 2013
      Albany, New York

Mae A. D'Agostino
U.S. District Judge