**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DIONISIO SOMERVILLE,**

                                **Plaintiff,**

    vs.                                                           9:11-cv-556
                                                                                (MAD/DEP)

**J. SAUNDERS, Correction Officer, Great Meadow
Correctional Facility; BEZIO, Correction Officer,
Great Meadow Correctional Facility; A. WHITE,
Correction Officer, Great Meadow Correctional
Facility; LAWRENCE, Correction Officer, Great
Meadow Correctional Facility; M. SAGE, Correction
Officer, Great Meadow Correctional Facility; M.
KUHL, Correction Officer, Great Meadow
Correctional Facility; VANDENBURG, Correction
Officer, Great Meadow Correctional Facility; CROSS,
Correction Officer, Great Meadow Correctional
Facility; and MULLIGAN, Correction Officer, Great
Meadow Correctional Facility,**

                                **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**DIONISIO SOMERVILLE
93-A-1106**
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582
Plaintiff *pro se*

**OFFICE OF THE NEW YORK STATE**      **MELISSA A. LATINO, AAG**
**ATTORNEY GENERAL**                         **JAMES J. SEAMAN, AAG**
The Capital
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff, a New York State prison inmate, commenced this Section 1983 action *pro se* against nine corrections officers employed at Great Meadow Correctional Facility. *See* Dkt. No. 1. In his complaint, Plaintiff alleged that he was subjected to an unprovoked attack by Defendants, violating his rights under the Eighth Amendment to the United States Constitution and causing him to sustain injuries requiring medical treatment. Following a four-day jury trial at which Plaintiff was represented by counsel, the Court entered judgment for Defendants on the jury's verdict finding no cause of action. Presently before the Court is Plaintiff's motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. *See* Dkt. No. 103. Defendants oppose the motion. *See* Dkt. No. 104. For the reasons that follow, Plaintiff's motion is denied.

## II. STANDARD OF REVIEW

Rule 59 of the Federal Rules of Civil Procedure provides that "[a] new trial may be granted . . . for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1). The Second Circuit has interpreted this standard to permit the granting of new trials when "in the opinion of the district court, the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice." *DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir. 1998) (quotation marks and citation omitted). "A new trial may be granted, therefore, when the jury's verdict is against the weight of the evidence." *Id.*

Under Rule 59(a), "[u]nlike judgment as a matter of law, a new trial may be granted even if there is substantial evidence supporting the jury's verdict." *Id.* In considering a motion for a new trial, the court is free to weigh the evidence independently and need not view it in the light most favorable to the verdict winner. *See Manley v. Ambase Corp.*, 337 F.3d 237, 244-45 (2d Cir. 2003). The standard for granting such a motion is high and rulings on motions under Rule 59(a)

"are committed to the sound discretion of the district court." *Severino v. Am. Airlines*, No. 07 CV 941, 2009 WL 1810014, *2 (S.D.N.Y. June 24, 2009) (quoting, *inter alia, Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 143 (2d Cir. 1998)). "While a jury's credibility assessments are entitled to deference, these principles of deference to the jury do not override the trial judge's duty to see that there is no miscarriage of justice." *Livingston v. Escrow*, No. 08-CV-6576-FPG, 2014 WL 1466469, *2 (W.D.N.Y. Apr. 15, 2104) (citations omitted). "The Second Circuit has instructed district courts to 'abstain from interfering with [a jury] verdict unless it is quite clear that the jury has reached a seriously erroneous result' that would result in 'a miscarriage of justice.'" *Fioto v. Manhattan Woods Golf Enter., LLC*., 304 F. Supp. 2d 541, 545-546 (S.D.N.Y. 2004) (citing *Bevevino v. Saydjari*, 574 F.2d 676, 684 (2d Cir. 1978)). "'Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite of the apple.'" *Carlson v. Parry*, No. 06-CV-6621P, 2013 WL 5354517, *5 (W.D.N.Y. Sept. 24, 2013) (quoting *Kogut v. Cnty. of Nassau*, 2013 WL 3820826, *2 (E.D.N.Y. July 22, 2013)).

### III. DISCUSSION

Plaintiff argues that he is entitled to a new trial because (1) the jury reached a seriously erroneous result; (2) the verdict is a miscarriage of justice; and (3) the verdict is against the weight of the evidence. *See* Dkt. No. 103 at 1. More specifically, Plaintiff contends that he presented sufficient evidence to show "that the defendant's [sic] acted malicious and sadistic, causing the unnecessary wanton infliction of pain and suffering in violation of plaintiff's [rights under the] Eighth Amendment of the United States Constitution." *Id.* at 2. Plaintiff asserts that the disparity in the injuries he suffered as compared to the injuries sustained by Defendant Saunders establishes that the use of force was not applied in a good faith effort to maintain order

3

or restore discipline. Plaintiff also asserts that there were inconsistencies in the testimony of the nine corrections officers who testified at trial, including with respect to documents authored by those witnesses. *Id.* at 4. Finally, Plaintiff attempts to rehabilitate his own testimony by arguing that the documentary evidence could be interpreted in such a way as to substantiate the claim that the alleged beating lasted twenty minutes. *Id.* at 7. In response, Defendants argue that Plaintiff has failed to demonstrate that the jury reached a seriously erroneous result or that the verdict was a miscarriage of justice.

At trial, numerous witnesses were called to testify and many documents were admitted into evidence. The jury's verdict depended, in large part, on an evaluation of the witnesses' testimony. The parties presented the jury with significantly different versions of their interactions. Plaintiff testified that Defendant Saunders launched an unprovoked attack, and the remaining eight defendants joined in the assault. In contrast, as summarized by Defendants,

> the jury heard evidence that plaintiff had appeared agitated and advanced toward Saunders and struck him, leaving an abrasion on the left-side of Saunders' face. Consistent with his use of force training, Saunders employed body holds to regain control of the plaintiff; however, the plaintiff broke free and began swinging his fists at Saunders. To defend himself and regain control of the plaintiff, Saunders progressed to closed-fisted strikes in the area of plaintiff's face. This managed to deescalate plaintiff's assault. Upon gaining some control of plaintiff, Office Saunders was able to force plaintiff to the floor, without ever resorting to his baton, prior to the arrival of [the remaining defendants].

Dkt. No. 104 at 10-11.

Considering this conflicting testimony, the issue of whether force was applied in a good faith effort to maintain order or restore discipline, or whether it was done maliciously and sadistically to cause harm, turned in large measure on which testimony the jury credited. Under these circumstances, the jury was entitled to credit Defendants' testimony and could have

4

reasonably determined that Defendants applied force in a good faith effort to restore order. "[W]here, as here, a verdict is predicated almost entirely on the jury's assessments of credibility, such a verdict generally should not be disturbed except in an egregious case, . . ." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012)

Giving to the jury the deference to which it is entitled, the verdict was not against the weight of the evidence. Plainly, upon review of the motion, the accompanying supporting documents, and the trial record, it is clear Plaintiff seeks to relitigate the same issues he raised at trial in reliance upon the same documentation which the jury reviewed and considered in reaching its adverse verdict. Clearly, Plaintiff disagrees with the outcome of the trial and steadfastly believes his claims to be meritorious. However, these concerns are insufficient as grounds for granting a new trial pursuant to Rule 59. "Where the jury resolved conflicting versions of events in favor of one party, a new trial is appropriate only where one 'conflicting account is so inherently implausible as to tax credulity, or there is independent evidence in the trial record' such that finding for one party, instead of another, would 'lead to a miscarriage of justice.'" *Finn-Verburg v. New York State Dept. of Labor*, 165 F. Supp. 2d 223, 228 (N.D.N.Y. 2001) (quoting *Ricciuti v. New York City Transit Auth.*, 70 F. Supp. 2d 300, 308 (S.D.N.Y. 1999)). The Court sees no reason to disturb the jury's credibility assessments, or to alter their ultimate determination of no cause for action. As such, the Court cannot say that the jury reached a seriously erroneous result or that the verdict was a miscarriage of justice. Accordingly, Plaintiff's motion for a new trial is denied.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure (Dkt. No. 103) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 28, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge